490 U.S. 495 (1989)
LAURO LINES S.R.L.
v.
CHASSER ET AL.
No. 88-23.
Supreme Court of United States.
Argued April 17, 1989
Decided May 22, 1989
CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
*496 Raymond A. Connell argued the cause for petitioner. With him on the briefs were John R. Geraghty and LeRoy Lambert. Daniel J. Dougherty filed a brief for Chandris, Inc., respondent under this Court's Rule 19.6 in support of petitioner.
Arnold I. Burns argued the cause for respondents. On the brief were Morris J. Eisen and William P. Larsen, Jr.
JUSTICE BRENNAN delivered the opinion of the Court.
We granted certiorari to consider whether an interlocutory order of a United States District Court denying a defendant's motion to dismiss a damages action on the basis of a contractual forum-selection clause is immediately appealable under 28 U. S. C. § 1291 as a collateral final order. We hold that it is not.

I
The individual respondents were, or represent the estates of persons who were, passengers aboard the cruise ship Achille Lauro when it was hijacked by terrorists in the Mediterranean in October 1985. Petitioner Lauro Lines s.r.l., an Italian company, owns the Achille Lauro. Respondents filed suits against Lauro Lines in the District Court for the Southern District of New York to recover damages for injuries sustained as a result of the hijacking and for the wrongful death of passenger Leon Klinghoffer. Lauro Lines moved before trial to dismiss the actions, citing the forum-selection clause printed on each passenger ticket. This clause purported to obligate the passenger to institute any suit arising in connection with the contract in Naples, Italy, and to renounce the right to sue elsewhere.
*497 The District Court denied petitioner's motions to dismiss, holding that the ticket as a whole did not give reasonable notice to passengers that they were waiving the opportunity to sue in a domestic forum. Without moving for certification for immediate appeal pursuant to 28 U. S. C. § 1292(b), Lauro Lines sought to appeal the District Court's orders. The Court of Appeals for the Second Circuit dismissed petitioner's appeal on the ground that the District Court's orders denying petitioner's motions to dismiss were interlocutory and not appealable under § 1291. The court held that the orders did not fall within the exception to the rule of non-appealability carved out for collateral final orders in Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541 (1949). 844 F. 2d 50 (1988). We granted certiorari to resolve a disagreement among the Courts of Appeals. 488 U. S. 887 (1988). Compare, e. g., 844 F. 2d 50 (1988) (case below); Rohrer, Hibler & Replogle, Inc. v. Perkins, 728 F. 2d 860, 862-863 (CA7) (holding prejudgment denial of motion to dismiss on basis of forum-selection clause not to be immediately appealable under § 1291), cert. denied, 469 U. S. 890 (1984), with Hodes v. S. N. C. Achille Lauro ed Altri-Gestione, 858 F. 2d 905, 908 (CA3 1988), cert. dism'd, 490 U. S. 1001 (1989); Sterling Forest Associates, Ltd. v. Barnett-Range Corp., 840 F. 2d 249, 253 (CA4 1988); Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc., 806 F. 2d 848, 851 (CA8 1986) (holding such denial to be an immediately appealable collateral final order). We now affirm.

II
Title 28 U. S. C. § 1291 provides for appeal to the courts of appeals only from "final decisions of the district courts of the United States." For purposes of § 1291, a final judgment is generally regarded as "a decision by the district court that `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Van Cauwenberghe v. Biard, 486 U. S. 517, 521 (1988), quoting Catlin v. United *498 States, 324 U. S. 229, 233 (1945). An order denying a motion to dismiss a civil action on the ground that a contractual forum-selection clause requires that such suit be brought in another jurisdiction is not a decision on the merits that ends the litigation. On the contrary, such an order "ensures that litigation will continue in the District Court." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U. S. 271, 275 (1988). Section 1291 thus permits an appeal only if an order denying a motion to dismiss based upon a forum-selection clause falls within the "narrow exception to the normal application of the final judgment rule [that] has come to be known as the collateral order doctrine." Midland Asphalt Corp. v. United States, 489 U. S. 794, 798 (1989). That exception is for a "small class" of prejudgment orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, [and that are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen, supra, at 546. We have held that to fall within the Cohen exception, an order must satisfy at least three conditions: "It must `conclusively determine the disputed question,' `resolve an important issue completely separate from the merits of the action,' and `be effectively unreviewable on appeal from a final judgment.' " Richardson-Merrell Inc. v. Koller, 472 U. S. 424, 431 (1985), quoting Coopers & Lybrand v. Livesay, 437 U. S. 463, 468 (1978). For present purposes, we need not decide whether an order denying a dismissal motion based upon a contractual forum-selection clause conclusively determines a disputed issue, or whether it resolves an important issue that is independent of the merits of the action, for the District Court's orders fail to satisfy the third requirement of the collateral order test.
We recently reiterated the "general rule" that an order is "effectively unreviewable" only "where the order at issue *499 involves `an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.' " Midland Asphalt Corp., supra, at 798, quoting United States v. MacDonald, 435 U. S. 850, 860 (1978). If it is eventually decided that the District Court erred in allowing trial in this case to take place in New York, petitioner will have been put to unnecessary trouble and expense, and the value of its contractual right to an Italian forum will have been diminished. It is always true, however, that "there is value . . . in triumphing before trial, rather than after it," MacDonald, supra, at 860, n. 7, and this Court has declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order, see Richardson-Merrell Inc., supra, at 436 ("[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress" in § 1291). Instead, we have insisted that the right asserted be one that is essentially destroyed if its vindication must be postponed until trial is completed.
We have thus held in cases involving criminal prosecutions that the deprivation of a right not to be tried is effectively unreviewable after final judgment and is immediately appealable. Helstoski v. Meanor, 442 U. S. 500 (1979) (denial of motion to dismiss under the Speech or Debate Clause); Abney v. United States, 431 U. S. 651 (1977) (denial of motion to dismiss on double jeopardy grounds). See Midland Asphalt Corp., supra, at 801 ("A right not to be tried in the sense relevant to the Cohen exception rests upon an explicit statutory or constitutional guarantee that trial will not occur") (emphasis added). Similarly, in civil cases, we have held that the denial of a motion to dismiss based upon a claim of absolute immunity from suit is immediately appealable prior to final judgment, Nixon v. Fitzgerald, 457 U. S. 731, 742-743 (1982), "for the essence of absolute immunity is its *500 possessor's entitlement not to have to answer for his conduct in a civil damages action," Mitchell v. Forsyth, 472 U. S. 511, 525 (1985). And claims of qualified immunity may be pursued by immediate appeal, because qualified immunity too "is an immunity from suit." Id., at 526 (emphasis in original).
On the other hand, we have declined to hold the collateral order doctrine applicable where a district court has denied a claim, not that the defendant has a right not to be sued at all, but that the suit against the defendant is not properly before the particular court because it lacks jurisdiction. In Van Cauwenberghe v. Biard, 486 U. S. 517 (1988), a civil defendant moved for dismissal on the ground that he had been immune from service of process because his presence in the United States had been compelled by extradition to face criminal charges. We noted that, after Mitchell, "[t]he critical question . . . is whether `the essence' of the claimed right is a right not to stand trial," 486 U. S., at 524, and held that the immunity from service of process defendant asserted did not amount to an immunity from suit  even though service was essential to the trial court's jurisdiction over the defendant. See also Catlin v. United States, 324 U. S., at 236 (order denying motion to dismiss petition for condemnation of land not immediately appealable, "even when the motion is based upon jurisdictional grounds").
Lauro Lines argues here that its contractual forum-selection clause provided it with a right to trial before a tribunal in Italy, and with a concomitant right not to be sued anywhere else. This "right not to be haled for trial before tribunals outside the agreed forum," petitioner claims, cannot effectively be vindicated by appeal after trial in an improper forum. Brief for Petitioner 38-39. There is no obviously correct way to characterize the right embodied in petitioner's forum-selection provision: "all litigants who have a meritorious pretrial claim for dismissal can reasonably claim a right not to stand trial." Van Cauwenberghe, supra, *501 at 524. The right appears most like the right to be free from trial if it is characterized  as by petitioner  as a right not to be sued at all except in a Neapolitan forum. It appears less like a right not to be subjected to suit if characterized  as by the Court of Appeals  as "a right to have the binding adjudication of claims occur in a certain forum." 844 F. 2d, at 55. Cf. Van Cauwenberghe, supra, at 526-527. Even assuming that the former characterization is proper, however, petitioner is obviously not entitled under the forum-selection clause of its contract to avoid suit altogether, and an entitlement to avoid suit is different in kind from an entitlement to be sued only in a particular forum. Petitioner's claim that it may be sued only in Naples, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage  surely as effectively vindicable as a claim that the trial court lacked personal jurisdiction over the defendant  and hence does not fall within the third prong of the collateral order doctrine.
Petitioner argues that there is a strong federal policy favoring the enforcement of foreign forum-selection clauses, citing The Bremen v. Zapata Off-Shore Co., 407 U. S. 1 (1972), and that "the essential concomitant of this strong federal policy . . . is the right of immediate appellate review of district court orders denying their enforcement." Brief for Petitioner 40-41. A policy favoring enforcement of forum-selection clauses, however, would go to the merits of petitioner's claim that its ticket agreement requires that any suit be filed in Italy and that the agreement should be enforced by the federal courts. Immediate appealability of a prejudgment order denying enforcement, insofar as it depends upon satisfaction of the third prong of the collateral order test, turns on the precise contours of the right asserted, and not upon the likelihood of eventual success on the merits. The Court of Appeals properly dismissed petitioner's appeal, and its judgment is
Affirmed.
*502 JUSTICE SCALIA, concurring.
I join the opinion of the Court and write separately only to make express what seems to me implicit in its analysis.
The reason we say that the right not to be sued elsewhere than in Naples is "adequately vindicable," ante, at 501, by merely reversing any judgment obtained in violation of it is, quite simply, that the law does not deem the right important enough to be vindicated by, as it were, an injunction against its violation obtained through interlocutory appeal. The importance of the right asserted has always been a significant part of our collateral order doctrine. When first formulating that doctrine in Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541 (1949), we said that it permits interlocutory appeal of final determinations of claims that are not only "separable from, and collateral to, rights asserted in the action," but also, we immediately added, "too important to be denied review." Id., at 546 (emphasis added). Our later cases have retained that significant requirement. For example, in Abney v. United States, 431 U. S. 651 (1977), we said that in order to qualify for immediate appeal the order must involve "an important right which would be `lost, probably irreparably,' if review had to await final judgment." Id., at 658 (emphasis added), quoting Cohen, supra, at 546. And in Coopers & Lybrand v. Livesay, 437 U. S. 463 (1978), we said that the order must "resolve an important issue completely separate from the merits of the action." Id., at 468 (emphasis added). See also Van Cauwenberghe v. Biard, 486 U. S. 517, 522-527 (1988); Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U. S. 271, 276-277 (1988); Richardson-Merrell Inc. v. Koller, 472 U. S. 424, 431 (1985); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U. S. 1, 12 (1983); Nixon v. Fitzgerald, 457 U. S. 731, 742 (1982).
While it is true, therefore, that the "right not to be sued elsewhere than in Naples" is not fully vindicated  indeed, to be utterly frank, is positively destroyed  by permitting *503 the trial to occur and reversing its outcome, that is vindication enough because the right is not sufficiently important to overcome the policies militating against interlocutory appeals. We have made that judgment when the right not to be tried in a particular court has been created through jurisdictional limitations established by Congress or by international treaty, see Van Cauwenberghe, supra. The same judgment applies  if anything, a fortiori  when the right has been created by private agreement.