### PETITION OF INTERNATIONAL PRECIOUS METALS CORPORATION; Peter E. Phass.

No. 89–2386.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1990.

Decided Oct. 24, 1990.

Robert Lawrence Bonner, Greer, Homer & Bonner, P.A., Miami, Fla., argued (Richard B. Salzman, Greer, Homer & Bonner, P.A., Miami, Fla., Neil C. Williams, Horack, Talley, Pharr & Lowndes, Charlotte, N.C., on the brief), for petitioners.

David Russell Badger, David R. Badger & Associates, P.A., Charlotte, N.C., for respondents.

Before WIDENER and WILKINS, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

International Precious Metals Corporation [1] petitions the court for a writ of mandamus to require the district court to transfer a case in order to enforce a forum selection clause. We are of opinion that International has an adequate alternative means for relief and deny the petition.

The McNeills live in Marion, North Carolina. After responding to International's advertisements in North Carolina, the McNeills invested $32,911.25 with International to invest in commodities futures. Part of the contract with International that the McNeills signed stated that all disputes were subject to the jurisdiction of the U.S. District Court for the Southern District of Florida, or the courts of the State of Florida, and any actions filed would be filed there. Venue was established by the contract as Broward County, Florida. The McNeills lost the money they had invested with International. On that account, the McNeills sued International in the district

---

1. International Precious Metals Corporation is the parent corporation of MultiVest Options, Ltd. which was formerly known as IPMC Options, Ltd. Peter E. Phass, an account represent- ative for MultiVest, is also a petitioner. For simplicity's sake we may refer to the petitioners collectively as International.

court in the Western District of North Carolina alleging commodities fraud, racketeering, common law fraud and deceit, breach of fiduciary duty, violations of the North Carolina Securities Act and willful negligence.

International sought enforcement of the forum selection clause before the district court by moving for dismissal or transfer of venue to the Southern District of Florida. The district court denied the motion, which denial International appealed to this court. In the interim, the Supreme Court decided *Stewart Organization Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). We remanded for the district court to reconsider in the light of *Stewart. McNeill v. International Precious Metals Corp.*, 872 F.2d 418 (4th Cir. 1989) (unpublished). On remand, the district court again denied the motion to transfer or dismiss. International now seeks mandamus. Since the district court's second ruling, the Supreme Court has decided *Lauro Lines v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989).

This case turns on the availability of the writ of mandamus to direct a district court to transfer a case to another district because of a forum selection clause. In *Lauro Lines v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), the Supreme Court considered whether a district court's order denying a motion to dismiss on the basis of a contractual forum selection clause is immediately appealable as a collateral final order. The Court noted on p. 4544 that, since an order denying a motion to dismiss on the ground of the forum selection clause was not a final decision on the merits, to be immediately appealable it must fall "within the 'narrow exception to the normal application of the final judgment rule [that] has come to be known as

the collateral order doctrine,' " (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, ——, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989)). The Court said that for the order to fall within the *Cohen* exception [2] it must satisfy three conditions: "It must 'conclusively determine the disputed question', 'resolve an important issue completely separate from the merits of the action' and 'be effectively unreviewable on appeal from final judgment.' " *Lauro Lines*, 490 U.S. at ——, 109 S.Ct. at 1978 (quoting *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)). The Supreme Court held that the order denying the motion to dismiss was not immediately appealable because it failed to satisfy the third condition, that it be effectively unreviewable on appeal from final judgment. The Court stated that the "[p]etitioner's claim that it may be sued only in Naples, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage...." *Lauro Lines*, 490 U.S. at ——, 109 S.Ct. at 1979.[3]

Discussing the writ of mandamus, in reversing a court of appeals which had issued the writ as a way of reviewing a grant of a new trial, the Supreme Court in *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980), stated that "[o]nly exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." And the Court went on to state that for mandamus to issue a requirement is that "a party seeking issuance have no other adequate means to attain the relief he desires ... and that he satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' " (Citations

---

**2.** *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

**3.** The Supreme Court also noted that:
> If it is eventually decided that the District Court erred in allowing trial in this case to take place in New York, petitioner will have been put to unnecessary trouble and expense, and the value of its contractual right to an Italian forum will have been diminished. It

is always true, however, that "there is value ... in triumphing before trial, rather than after it," [*U.S. v. MacDonald, supra* [435 U.S. 850] at 860, n. 7 [98 S.Ct. 1547, 1553, n. 7, 56 L.Ed.2d 18 (1978)], and this Court has declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order.
*Lauro Lines*, 490 U.S. at ——, 109 S.Ct. at 1978.

omitted; quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).)

We are of opinion that in this case, in which International seeks a transfer of venue because of a forum selection clause, mandamus is unavailable because International has, in the words of *Allied Chemical,* "other adequate means to attain the relief" desired.[4]  449 U.S. at 33, 101 S.Ct. at 189.  It can appeal the district court's denial of transfer after final judgment.  As the Supreme Court has stated in *Lauro Lines,* the rights flowing from a forum selection clause are "adequately vindicable at that stage."  490 U.S. at ——, 109 S.Ct. at 1979.

Accordingly, the petition for mandamus is

DENIED.

---

**4.** We note that our resolution of the issue is contrary to dictum in *Sterling Forest Associates, Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 253 (4th Cir.1988), which stated that "if the order denying transfer to California were not appealable, we would not hesitate to proceed by way of mandamus." However, the Supreme Court explicitly overruled the holding of *Sterling Forest* in *Lauro Lines v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989).  In so doing, the Supreme Court rejected the reasoning of *Sterling Forest* that a district court's decision denying transfer is not effectively reviewable on appeal from final judgment.  The rejected reasoning supported not only *Sterling Forest*'s holding but also the dictum regarding the availability of mandamus to enforce a contractual forum selection clause.