940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Herbert F. McCULLA, William Woodworth, III, Mark A.
Peterson, Petitioners,
v.
Alan B. JOHNSON, Judge of the United States District Court
for the District of Wyoming, Respondent.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the
American Bank of Casper, Casper, Wyoming, Plaintiff-Appellee,
v.
Herbert F. McCULLA, Defendant-Appellant,
and
William Woodworth, III, Mark A. Peterson, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the
American Bank of Casper, Casper, Wyoming, Defendant-Appellee,
v.
Herbert F. McCULLA, Mark A. Peterson, Defendants,
and
William Woodworth, III, Defendant-Appellant.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the
American Bank of Casper, Casper, Wyoming, Plaintiff-Appellee,
v.
Herbert F. McCULLA, William Woodworth, III, Defendants,
and
Mark A. Peterson, Defendant-Appellant.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the
American National Bank of Eastridge, Plaintiff-Appellee,
v.
William WOODWORTH, III, Defendant-Appellant.
 Nos. 91-8007, 91-8105, 91-8107 to 91-8110.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before McKAY, JOHN P. MOORE and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 The matters before us arise out of the FDIC's commencement of two lawsuits against three former officers and directors of two failed banks to reach insurance policies issued to the banks. The bank officers sought to dismiss the actions on the ground that any debt they owed the FDIC was discharged in their respective bankruptcy actions and, therefore, the suits were barred under 11 U.S.C. Sec. 524(a)(2). The district court denied the motions to dismiss in a consolidated order, and the bank officers appealed under 28 U.S.C. Sec. 1292(a)(1). Because we conclude the district court's order was not an appealable interlocutory order, we must dismiss the appeals for lack of subject matter jurisdiction.
 
 
 3
 The bank officers concede that the district court's order was not a final judgment, and, therefore, not reviewable on appeal under 28 U.S.C. Sec. 1291. They argue, however, that the order is immediately appealable either under 28 U.S.C. Sec. 1292(a)(1) as an interlocutory order refusing an injunction, or under the collateral order exception to the final judgment rule, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).
 
 
 4
 Section 1292(a)(1) gives circuit courts jurisdiction to hear appeals from "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." To determine whether the district court's order falls within this narrow category of appealable interlocutory orders, we must consider the practical effect of the order. See Carson v. American Brands, Inc., 450 U.S. 79, 83 (1981).
 
 
 5
 Section 524(a)(2) of the bankruptcy code provides that a discharge shall "operate[ ] as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." The district court denied the motions to dismiss because the FDIC was "proceeding against the debtors for the purposes of establishing liability of the insurer, which is permitted under 11 U.S.C. Sec. 524(e)," rather than for the purpose of recovering from the debtors personally, which is prohibited under 11 U.S.C. Sec. 524(a)(2). Opinion and Order, Aplt.App. at 214.
 
 
 6
 The practical effect of the district court's order was not to refuse to create an injunction, but to interpret an existing injunction and determine that the FDIC was not in violation of that injunction. Therefore, the order is not appealable under 28 U.S.C. Sec. 1292(a)(1). See Motorola, Inc. v. Computer Displays Int'l, Inc., 739 F.2d 1149, 1155 (7th Cir.1984) ("orders that merely interpret or clarify an injunction are not appealable under Sec. 1292(a)(1)"); Major v. Orthopedic Equip. Co., 561 F.2d 1112, 1115 (4th Cir.1977) (order determining that party violated previous injunction was "simply an interpretation, not appealable under 28 U.S.C. Sec. 1292(a)(1)").
 
 
 7
 To be immediately appealable under the collateral order exception to the final judgment rule, an order must "conclusively determine the disputed question ..., resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.), 889 F.2d 950, 954 (10th Cir.1989). We need not decide whether the district court's order meets the first two requirements, because it fails to meet the third. See id.
 
 
 8
 To be effectively unreviewable on appeal from a final judgment, the order must deprive the appellant of a right "that is essentially destroyed if its vindication must be postponed until trial is complete." Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 499 (1989). That a party may incur costs due to unnecessary litigation is not sufficient to warrant allowing an immediate appeal from an interlocutory order. Id.
 
 
 9
 An order denying a party's claim of "a right not to be tried is effectively unreviewable after final judgment and is immediately appealable." Id. (Emphasis in original.) On the other hand, neither an order denying a motion to dismiss because the court lacks jurisdiction nor an order denying a motion to dismiss because the forum is not that provided by contract is effectively unreviewable after final judgment. Id. at 500-01. The right asserted in these two situations is not a right to avoid suit altogether, but a right only to be tried under certain terms and conditions.
 
 
 10
 Likewise, the bank officers do not have a right to avoid suit altogether; they have a right only to avoid suits that seek "to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. Sec. 524(a)(2). The bank officers do not dispute that the FDIC's suits do not seek to enforce any liability against the bank officers personally. The district court's order did not deprive the bank officers of a right that would be destroyed if the order were not reviewable until after final judgment.
 
 
 11
 The district court's order is not immediately appealable under either 28 U.S.C. Sec. 1292(a)(2) or the collateral order exception to the final judgment rule. Therefore, the appeals are DISMISSED for lack of subject matter jurisdiction. The petition for writ of prohibition, which we construed as a motion for stay pending appeal in an earlier order, is DENIED as moot.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3