JACK PERKINS, CPA, APPELLEE v. CCH COMPUTAX, INC., APPELLANT

No. 9110SC1257

(Filed 5 May 1992)

**1. Appeal and Error § 111 (NCI4th)— failure to state claim— denial of motion to dismiss—nonappealable interlocutory order**

The denial of an N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss for failure to state a claim is interlocutory and not immediately appealable.

**Am Jur 2d, Appeal and Error § 50.**

**2. Appeal and Error § 418 (NCI4th)— abandonment of issue not argued**

An issue not argued in the brief is normally deemed abandoned. Appellate Rule 28(b)(5).

**Am Jur 2d, Appeal and Error § 693.**

**3. Venue § 1 (NCI3d)— forum selection clause invalid**

A forum selection clause in a contract providing that any action relating to the contract shall only be instituted in Los Angeles County, California was invalid and of no effect, since the regulation of venue is a matter within the discretion of the legislature.

**Am Jur 2d, Courts § 141.**

APPEAL by defendant from order entered 21 October 1991 by *Judge Knox V. Jenkins, Jr.* in WAKE County Superior Court. Heard in the Court of Appeals 16 April 1992.

On 2 February 1990, plaintiff and defendant entered into a license and service agreement for a computer software program. On 13 May 1991, plaintiff filed a complaint in Wake County District Court seeking damages from defendant for unfair and deceptive trade practices, breach of warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, negligence, and breach of contract. On 13 August 1991, the case was transferred to Wake County Superior Court. On 10 July 1991, defendant filed a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b) on the grounds that there was a lack of subject matter jurisdiction, that the action was brought in an improper venue, and that the

PERKINS v. CCH COMPUTAX, INC.

[106 N.C. App. 210 (1992)]

complaint failed to state a claim upon which relief can be granted. On 21 October 1991, the trial court entered an order denying defendant's motion to dismiss. Defendant appeals.

*Clifton, Singer & Russell, by J. Kenneth Edwards, for plaintiff-appellee.*

*Patton, Boggs & Blow, by Kenneth J. Gumbiner and Julie A. Davis, for defendant-appellant.*

LEWIS, Judge.

The two pertinent clauses in the license agreement (contract) provide as follows:

> 29D. This Agreement shall be governed by and interpreted in accordance with the law of the State of California.

> 29E. This Agreement shall be treated as though it were executed in the County of Los Angeles, State of California, and were to have been performed in the County of Los Angeles, State of California. Any action relating to this Agreement shall only be instituted and prosecuted in courts in Los Angeles County, California. Customer/Licensee specifically consents to such jurisdiction and to extraterritorial Service of Process.

(Emphasis added). The first clause, 29D, is a choice of law provision. The second clause, 29E, contains both a forum selection provision (first underlined segment) and a consent to jurisdiction provision (second underlined segment). Contractual provisions purporting to govern the jurisdiction and applicable law are discussed in a recent North Carolina Supreme Court decision, *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992). In *Rouse*, our Supreme Court sets out the three types of contractual provisions: 1) choice of law, 2) consent to jurisdiction, and 3) forum selection provisions. The first type indicates which jurisdiction's substantive laws are to be used when construing the contract. This jurisdiction's laws are to apply no matter where the suit is filed. The second type sets out the name of the state in which the parties agree to submit to personal jurisdiction. Last, the forum selection provision indicates the only jurisdiction in which the parties will litigate an action arising out of the contract.

It is precisely this third type of provision which is at issue in the case at bar and is also the one type of provision which

our Supreme Court clearly indicated was not involved in *Rouse*. Defendant argues on appeal that the trial court erred by refusing to enforce the exclusive venue clause in the contract, the forum selection provision. Specifically, defendant contends Wake County is not the proper venue in this case because the contract specifies Los Angeles County, California as the exclusive forum for any action instituted pursuant to the contract.

[1, 2] Defendant assigns as error the trial court's denial of his motion to dismiss based upon 1) failure to state a claim upon which relief may be granted, 2) lack of subject matter jurisdiction, and 3) improper venue. The denial of a 12(b)(6) motion to dismiss for failure to state a claim is interlocutory and not immediately appealable. *See, Godley Auction Co., Inc. v. Meyers*, 40 N.C. App. 570, 253 S.E.2d 362 (1979). Defendant's brief on appeal does not argue lack of subject matter jurisdiction. Normally, an issue not argued in the brief is deemed abandoned. N.C.R. App. P. 28(b)(5). We exercise our discretion to consider this matter, but find this assignment of error to be without merit. *See, Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 248 S.E.2d 567 (1978), *disc. rev. denied*, 296 N.C. 583, 254 S.E.2d 32 (1979).

A motion for change of venue for the convenience of witnesses and the ends of justice is discretionary and its denial is not immediately appealable. *Furches v. Moore*, 48 N.C. App. 430, 269 S.E.2d 635 (1980). However, an immediate appeal is permitted where "an erroneous order denying a party the right to have the case heard in the proper court would work an injury to the aggrieved party which would not be corrected if no appeal was allowed before the final judgment." *DesMarais v. Dimmette*, 70 N.C. App. 134, 136, 318 S.E.2d 887, 889 (1984). Assuming *arguendo* that the denial of the motion to dismiss based upon improper venue is immediately appealable, we have examined defendant's argument and find it too to be without merit.

[3] Our Supreme Court has addressed the question of whether parties may select the forum for an action by way of a contract provision:

> The regulation of venue is a matter within the discretion of the Legislature. . . . To permit parties to a contract to enforce a stipulation which purports definitely to fix the forum long before there is a cause of action would be to nullify the law and to substitute the will of the parties in its stead.

*Gaither v. Charlotte Motor Car Co.*, 182 N.C. 498, 499, 109 S.E. 362, 363 (1921). In this case, the contract provision specifying an exclusive forum was of no effect. Defendant has failed to show any other reason to support its contention that Wake County was the improper venue for this action, and the trial court's order is affirmed.

We have reviewed the authority cited by defendant, but find none to be controlling. The United States Supreme Court held that a forum-selection clause should be specifically enforced unless the resisting party could clearly show that enforcement would be unreasonable and unjust or that the clause was invalid for fraud or overreaching. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513, 92 S.Ct. 1907 (1972). The Court, however, clearly limited the holding to all federal district courts sitting in admiralty. In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 101 L. Ed. 2d 22, 108 S.Ct. 2239 (1988), the Court held that, in diversity actions, 28 U.S.C. § 1404 governs the federal court's decision whether to "give effect to a contractual forum selection clause and transfer the action to [the] venue provided." *Id.* Later, the Supreme Court held that the denial of a motion to dismiss based upon a contractual forum selection clause was interlocutory in nature, pursuant to 28 U.S.C. § 1291, and was not immediately appealable. *Lauro Lines v. Chasser*, 490 U.S. 495, 104 L. Ed. 2d 548, 109 S.Ct. 1976 (1989). Though "not perfectly secured by appeal after final judgment," *id.* at 501, 104 L. Ed. 2d at 555, the Court indicated that the trial court's failure to enforce the forum selection provision is "adequately vindicable at that stage." *Id.*

As *The Bremen* deals with admiralty and both *Stewart* and *Lauro Lines* deal with federal civil procedure, North Carolina is not bound to apply these rulings to civil cases within our jurisdiction. We note that no North Carolina cases cite *Gaither*, *The Bremen*, *Stewart*, or *Lauro Lines*. *The Bremen* is indirectly cited for an unrelated point in *Blow v. Shaughnessy*, 68 N.C. App. 1, 313 S.E.2d 868, *disc. rev. denied*, 311 N.C. 751, 321 S.E.2d 127 (1984). *The Bremen* reasoning has been followed by the Fourth Circuit Court of Appeals in cases beyond the admiralty setting. *See, Sterling Forest Associates, Ltd. v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988); *Bryant Elec. Co. v. City of Fredericksburg*, 762 F.2d 1192 (4th Cir. 1985); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel, Corp.*, 696 F.2d 315 (4th Cir. 1982); *but see, Petition of International Precious Metals Corp.*, 917 F.2d 792 (4th Cir. 1990)

(applying *Lauro Lines v. Chasser*, 490 U.S. 495, 104 L. Ed. 2d 548, 109 S.Ct. 1976 (1989)); *Southern Distributing Co., Inc. v. E. & J. Gallo Winery*, 718 F. Supp. 1264 (W.D.N.C. 1989) (applying *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 101 L. Ed. 2d 22, 108 S.Ct. 2239 (1988)). Despite these federal court developments regarding forum selection clauses, we are without authority to overrule our Supreme Court's decision in *Gaither*. Based upon the foregoing, we find no error in the trial court's denial of defendant's motion to dismiss on all three bases. .

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.