eds ADJUSTERS, INC. and Edward D. Szyszko, Jr. Plaintiffs,

v.

COMPUTER SCIENCES CORPORATION, Defendant.

Civ. A. No. 92–7099.

United States District Court, E.D. Pennsylvania.

June 8, 1993.

Stewart L. Cohen and Richard G. Freeman, Kessler & Cohen, Philadelphia, PA, for plaintiffs.

Barbara A. Brown, Stephen J. Harmelin, Thomas S. Biemer and J. Shane Creamer, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

■ The plaintiffs, eds Adjusters, Inc. and Edward D. Szysko, Jr., have filed a motion for reconsideration of this Court's Order of April 16, 1993, 818 F.Supp. 120, in which the Court dismissed Count II in part, Count III and directed plaintiffs to file a more definite statement of Count I. The purpose of such a motion is to allow the court the opportunity to correct any manifest errors of law or fact or to present newly discovered evidence which would provide a basis for this Court to vacate, alter or modify said rulings. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Having reconsidered our April 16, 1993 decision, the Court finds that the ruling is to remain in full force and effect [1].

■ Within their Motion for Reconsideration, plaintiffs alternatively request that we certify our April 16, 1993 order as final and appealable under Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b). Under Rule 54(b) in a case that involves multiple parties or claims, such as this, any order that adjudicates fewer than all of the claims is appealable only if it is a final judgment and "upon an express determination by the court that there is no just reason for delay." Furthermore, certification pursuant to this rule is not to be entered routinely or as a courtesy or accommodation to counsel. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 9, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980); *Allis–Chalmers Corp. v. Phildelphia Electric Co.*, 521 F.2d 360, 363 (3d Cir.1975). The purpose of the rule is "to reduce the probability that delay will result in substantial hardship and unfairness to the parties." *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd. et al.*, 513 F.Supp. 1334, 1336 (E.D.Pa. 1981). The rule grants the district court the discretionary power to afford a remedy in the "infrequent harsh case," *Allis–Chalmers*, 521 F.2d at 363, but only after weighing the dangers of the possibility that Rule 54(b) certification may encourage piecemeal appellate review. *Zenith Radio*, 513 F.Supp. at 1336.

■ When making a Rule 54(b) determination, the court must first decide if it is dealing with a final judgment as defined by 28 U.S.C. 1291 and, if it is a final judgment, the court must exercise its discretion to determine that the matter is ready for appeal, taking into consideration judicial administrative interests as well as the equities involved. *Sussex Drug Products v. Kanasco, Ltd.* 920

---

1. Plaintiffs urge the court to construe the case of *Silver v. Mendel, et al*, 894 F.2d 598 (3d Cir.1990) as mandating reversal of our April 16, 1993 decision. However, having reviewed the *Silver* decision, we find that that decision is not dispositive of this case. *Silver* involved intentional torts committed specifically against the individual rather than the corporation which uniquely harmed the individual whereas the harm in this case was suffered primarily by the corporation.

F.2d 1150, 1153 (3d Cir.1990) *quoting Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. at 1465. Section 1291 defines a final judgment as a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Lauro Lines, S.R.L. v. Chasser,* 490 U.S. 495, 497, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989). In this case, there is no question that this Court's April 16, 1993 order did not end the litigation. Plaintiffs are still empowered to pursue their contract claims. Thus, any appeal at this juncture would be of an interlocutory order.

Section 1291 permits appeal of an interlocutory order if the order falls within the narrow exception known as the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To fall within this exception "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal for a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 466, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *see also Lauro Lines S.R.L.,* 490 U.S. at 497, 109 S.Ct. at 1978 and *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981). Thus, the rule requires satisfaction of three essential elements: (1) the order must conclusively determine the disputed question; (2) the order resolves an important issue which is completely separate from the merits of the action; and (3) the order is effectively unreviewable on appeal from a final judgment. *Firestone Tire & Rubber,* 449 U.S. at 374, 101 S.Ct. at 674.

In this case, we need look no further than the third element to determine that the plaintiffs have not established that this order falls within the narrow collateral order exception. An order is unreviewable only "where the order at issue involves an asserted right the legal and practical value of which would be destroyed if· it were not vindicated before trial." *Lauro Lines S.R.L.,* 490 U.S. at 497, 109 S.Ct. at 1978 (citations omitted). The Court recognizes the financial burden a second trial may place on plaintiffs in the event that our decision is reversed on appeal. Nevertheless the cost associated with additional litigation does not justify setting aside the finality requirement of § 1291. *Id. citing Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 429, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). Plaintiffs argue that the practical effect of our order is to put him out of court. However, the collateral order doctrine is applicable only where "the right asserted be one that is essentially destroyed if its vindication must be postponed until trial is completed." *Lauro Lines S.R.L.,* 490 U.S. at 497, 109 S.Ct. at 1978. Here, plaintiffs' asserted right to proceed against defendant on a tort theory will not be destroyed and forever lost by our denial of the request for certification under rule 54(b).

Alternatively, plaintiffs ask the court to certify our order pursuant to 28 U.S.C. 1292(b). Section 1292(b) permits certification of orders "not otherwise appealable" and which involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiffs have not presented sufficient evidence to convince the Court that our April 16, 1993 order involved such a hotly disputed issue nor that an immediate appeal would materially advance the litigation to such a degree as to warrant certification pursuant to § 1292(b).

Accordingly, we will not certify the order as ripe for appeal.

### *ORDER*

AND NOW, this 8th day of June, 1993 upon consideration of Plaintiffs' Motion for Reconsideration of this court's April 16, 1993 Order or in the Alternative, for Certification of Appeal under either Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b) and Defendant's response thereto, it is hereby ORDERED that the Motion is DENIED.