996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff,
v.
Royal N. HARDAGE; United States Pollution Control;
Oklahoma National Stockyards Company; Dal-Worth,
Industries; Double Eagle; Samuel Bishkin, doing business
as Eltex Chemical; L & S Bearing Company; Kerr-McGee
Corporation; Cato Oil; PPG Industries; the Firestone Tire
and Rubber Company; Foster Feed & Seed Co.; Texaco, Inc.;
Powell Sanitation Service, Inc., Defendants,
and
HARDAGE STEERING COMMITTEE; Advance Chemical Distribution,
Inc.; Allied-Signal, Inc.; AT & T Technologies, Inc;
Ashland Oil, Inc.; Atlantic Richfield Company; Borg-Warner
Corporation; Exxon Corporation; Gencorp, Inc.; Bull HN
Information Systems, Inc.; Maremont Corporation;
McDonnell-Douglas Corporation; Mobil Chemical Company;
Nalco Chemical Company; Oklahoma Gas & Electric Company;
the Oklahoma Publishing Company; Rockwell International
Corporation; Texas Instruments, Incorporated; Uniroyal,
Inc.; UOP, Inc.; Westinghouse Electric Corporation;
Weyerhaeuser Company; Diffee Motor Company; Fruehauf
Corporation, Fruehauf Division; Fruehauf Corporation, doing
business as Hobbs Trailer; McAlester Public Schools; Bob
McBroom, doing business as American Furniture Stripping,
individually; Sooner Ford Truck Sales, Inc.; Farmers Home
Administration, Defendants-Third-Party-Plaintiffs-Appellees,
v.
JOC OIL, EXPLORATION; A.H. Belo, doing business as Dallas
Morning News; Acme Fence & Iron Co.; Alamo Group Texas,
Inc.; AAR Oklahoma, Inc.; Aircraftsman, Inc.; Agnew Auto
Parts; American National Can Corporation; Anadite, Inc.;
Arrow Tank Trucks; Aztec Manufacturing; Arrow Industries;
Aviall of Texas, Inc; BASF; Betz Laboratories, Inc.;
Blanks Engraving; Beazers Materials; Blackwell Zinc
Company, Inc.; Broadway Machine & Motor Supply, Inc.; the
Bucket Shop, Inc.; Charles Machine Works, Inc.; Container
Supply Inc.; Carnation Company; Container Corp. of
America; Continental Can Company, Inc.; Cook Paint &
Varnish Co.; CTU of Delaware; Country Home Meat Company;
Dart Industries; Delta Faucet Company; Del Paint
Corporation; Dixico, Inc.; Downtown Airpark, Inc.; Drilex
Systems, Inc.; Dubois Chemicals, Inc.; Dresser Industries,
Inc.; Drillers Engine & Supply, Inc.; Fisher Controls;
GAF; EC Industries; Fred Jones Manufacturing Company;
General Dynamics; General Motors Corporation; Glidden
Company; SCM Corporation; Groendyke Transport, Inc.;
General Electric Company; Goodyear Tire and Rubber, Inc.;
H.W. Allen; Hudiberg Chevrolet; Ingersoll-Rand Oilfield
Products Company; Hinderliter Tool; Johnson Controls,
Inc.; Johnson & Johnson Medical, Inc.; Ortho
Pharmaceutical Corp.; Johnson-Johnson Hospital; Surgikos,
Inc.; Kelly Moore Paint; Kerr Glass Manufacturing;
Jones-Blair Co.; Laidlaw Waste; W.J. Lamberton; Master
Motor Rebuilders, Inc.; Fixture Morris Co.; Madix; George
McKiddie, doing business as Capitol Greese Co.; Motorolla;
Northrop Worldwide Aircraft, doing business as Earl D.
Mills; Packaging Corporation of America; Parker-Hannifin
Corp.; O'Brien Corporation; Printpack, Inc.; Proctor &
Gamble Manufacturing Co.; Quebecor Printing; Maxwell
Communication; Riverside Press; Reliance Universal, Inc.;
Rotex Corporation; Sherwin Williams Company; Star
Manufacturing; Sermatech; Southwest Electric Company;
Stearns & Foster Bedding; Susan Crane; Sublett &
Associates, Inc.; Teccor Electronics, Inc.; TRW, Inc.;
Turbodel; United Plating Works, Inc.; Valley Steel
Products Company; Unit Parts Company; United States Brass
Corporation; Van Der Horst USA; Waste Management of
Oklahoma; Western Uniform & Towel Service; Zoecon
Corporation; Xerox; Magnetic Peripherals, Inc;
Consolidated Clean; ABCO, Inc.; Advance Packaging, Inc.;
Amedco Steel Inc.; American Trailers; Anthes Inc., doing
business as Anthes Hi-Reach; Arthur G. McGee & Company; B
& J Tank Truck Service, Inc.; B.W. Solutions, Inc.; Bacon
Transport Company, Inc.; Beauty Craft Vanities; Blackwell
Industrial; Paul Boone, formerly doing business as Lawton
Plating Co., individually; C & H Services, Inc.; CMI
Corporation; Central Oklahoma Equipment Corporation;
Cimarron Aircraft Corporation; Cimarron Manufacturing
Company; Cliftco, Inc.; Day International Corporation;
D-Mac Leasing, Inc.; Eureka Tool Company; Ferris
Resources, Inc.; Hobbs Trailer; Vernon Garney, doing
business as Auto Saver, individually; Glidden Coating, a
Division of SCM Corporation; Hamm & Phillips Service
Company; Industrial Fabrication Co.; Jackie Cooper
Olds-GMC, Inc.; James Bute Company; William Jenkins, doing
business as Foster Septic Tank, individually; J.F. Smith &
Sons, Inc.; Kelsey-Hayes Corporation, also known as Kelsey
Axle & Brakes Co.; Bill Lance; Larry Goad & Company;
Lassiter Enterprises, Inc.; Materials Recovery Enterprises,
Inc.; Ray McGee, doing business as Quality Drum Service,
individually; Grease Company; Medley Material Handling
Inc.; Metroplex Sanitation, Inc.; Mistletoe Express
Service, Inc.; Napko Corporation; Newman Bros. Trucking
Company; Noble Chemical Corporation; the City of Norman;
Oklahoma Tank Service; Oklahoma Transportation Company;
Page Industries, Inc.; Powell Electric Manufacturing
Company; George Powell, doing business as Powell Service
Company, individually; Premier Industrial Corp., doing
business as Kent Industries; RWR Steel Company; Rabar
Enterprises, Inc; Ram Transports, Inc.; Reliance Universal
Inc.; S & S Plating Company; Solvent Manufacturing
Company, Inc.; Sooner Oil Patch Services Inc.; Spector Red
Ball, Inc.; Steelcraft, Inc.; Sunwest Industries of
Oklahoma, Inc.; Raymond Switzer, doing business as Switzer
& Gypsum Lime Company, individually; T.I.P., Inc.; Thermo
King Sales & Service of Oklahoma, Inc.; Triangle
Engineering Company; Trigg Drilling Company, Inc.; Victor
Equipment Co.; Waste Services, Inc.; Welch Enterprises,
Inc.; Jim Wesley, doing business as Jim's Septic Tank,
individually; Western Commercial Transport, Inc.; Westran
Corporation; Witco, Inc.; XAL Corporation; Thomas Engel;
A-Better Sanitation Service, Inc.; Reagent Chemical &
Research, Inc.; Sun Exploration & Prod. Co.; Cameron Iron
Works; J.C. Penney Co., Inc.; Rohm & Haas Seeds, Inc.;
Phillips Petroleum Company; South Prairie Construction Co.;
the Atchison, Topeka and Sante Fe Railway Company; Nordam
Corp.; National Can Corp.; Land & Marine Rental Co.,
formerly known as Tesoro Land & Marine Rental Co.; Crowl
Machine & Heat Treating Co.; Crane Carrier Co.; Corning
Glass Works; Occidental Chemical; John Zink Co.;
Dura-Chrone Industries, Inc.; the Dow Chemical Co., also
known as Dow Industrial Service of the Dow Chemical Co.;
Dowell Division of the Dow Chemical Co. & Brasos Oil & Gas
Division of the Dow Chemical Co.; Iuts Liquidating Corp.,
formerly known as Industrial Uniform & Towel Supply Inc.;
Clyde's Carburetor Service, Inc.; Amoco Prod. Co., formerly
known as Pan American Petroleum; Dover Resources, Inc.;
Hudiburg Chevrolet, Inc.; AMF Tuboscope; Eason Oil Co.;
Fox-Smythe Transportation Co.; International Crystal Mfg.
Co.; Kobe, Inc.; Nelson Electric, Power Service, Inc.;
Newspaper Printing Corporation; Ryder Truck Rental, Inc.,
formerly known as Wilco Truck Rental, Inc.; Southwest
Electric Company; Star Mfg. Co. of Oklahoma; Corken
International Corp., formerly known as Corken Pump Co.;
Glow-Lite Corp., (Artra); Ford Motor Co.; Monsanto
Company; Conoco, Inc.; E.I. Dupont De Nemours & Co.;
Continental Oil Co.; Day International Corporation,
(Electric Hose & Rubber); Central Sales Promotion, Inc.; W
& W Steel Co.; Chromalloy American; Brittain Brothers;
Ico, Inc., formerly known as Rodcore, Inc., formerly known
as Sucker Rod Service, formerly known as Fodco, Inc.; Homco
International, doing business as A-1 Bit & Tool; Tom
Brown's Optical Service, Inc., Third-Party-Defendants,
Ralph L. Lowe, Fourth-Party-Defendant,
and
William C. Whitehead and Ilene J. Whitehead,
Third-Party-Defendants-Appellants.
 No. 93-6099.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1993.
 
 Before McKAY, Chief Judge, SEYMOUR, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from continuing litigation involving the Hardage Superfund Site, a federally controlled Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) site near Criner, Oklahoma. See 42 U.S.C. §§ 9601-9675. In 1986 the government filed suit against various parties to require them to clean up the Hardage site. The Hardage Steering Committee (HSC) was ordered to implement the cleanup. The district court also determined it necessary for the safe and efficient implementation of the cleanup that HSC acquire the right to use specified property surrounding the Hardage site, denominated as the "institutional controls boundary." For background information, see United States v. Hardage, 982 F.2d 1436 (10th Cir.1992).
 
 
 3
 Third-party defendants William C. Whitehead and Ilene J. Whitehead are the owners of forty acres included in the Hardage site's institutional controls boundary. They appeal from an order entered by the district court on March 8, 1993, granting HSC access to those forty acres of their dairy farm, permitting HSC to erect a security fence around the property, and imposing restrictive covenants on the property. The restrictions prohibit the Whiteheads from using the forty acres for its customary use: to grow feed for the Whiteheads' dairy cattle. The Whiteheads seek a stay of the March 8 order pending appeal. Before we can address the merits of the stay motion, we must consider whether we have jurisdiction over this appeal.
 
 
 4
 The district court's order did not end the litigation on the merits. This action is pending in the district court to resolve the amount of compensation due to the Whiteheads for the use of their forty acres to implement the CERCLA cleanup. Therefore, 28 U.S.C. § 1291 does not confer jurisdiction on this court. Desktop Direct, Inc. v. Digital Equip. Corp., No. 93-4024, slip op. at 3, 1993 WL 156793 at * 1 (10th Cir. May 17, 1993) ("A final decision is 'a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment' " (quoting Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 497 (1989))).
 
 
 5
 Neither party claims this court has jurisdiction pursuant to 28 U.S.C. § 1292(b). Rather, both parties argue jurisdiction is granted by 28 U.S.C. § 1292(a)(1) because the district court's order is injunctive in nature, enjoining the Whiteheads from using their land for various purposes, and permitting HSC to enter the land. HSC argues that an order of possession should be immediately appealable, thereby avoiding any waste of time to ascertain the amount of compensation due to the Whiteheads should the district court's March 8 order be reversed on appeal. Even though neither party challenges this court's jurisdiction, "we have a duty to inquire into our own jurisdiction." McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989).
 
 
 6
 We do not agree that the district court's order is injunctive in nature. The order was one for condemnation because it deprived the Whiteheads of all economically beneficial uses of the subject forty acres. Lucas v. South Carolina Coastal Council, 112 S.Ct. 2886, 2895 (1992) ("[W]hen the owner of real property has been called upon to sacrifice all economically beneficial uses in the name of the common good, that is, to leave his property economically idle, he has suffered a taking.").
 
 
 7
 Apparently the restrictive covenants will be lifted when the CERCLA cleanup has concluded. The temporary nature of HSC's use of the property does not disqualify the district court's action as a condemnation order. A regulatory taking need not permanently deprive the owner of the use of his property to qualify as a taking, and the landowner must be compensated for the value of the use of the land for the duration of the taking. First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 318 (1987). " '[T]emporary' takings which ... deny a landowner all use of his property, are not different in kind from permanent takings...." Id. at 318. Therefore, we determine the Whiteheads have suffered a "temporary taking" for which there is no dispute that they are to be compensated.
 
 
 8
 Because we conclude the district court's order was not an injunction, it is not appealable under § 1292(a)(1). "Forcing parties to go through what may turn out to be a wasted trial is just one of the inevitable costs of the final judgment rule." Desktop Direct, Inc., slip op. at 10, 1993 WL 156793 at * 5. We decline to expand federal jurisdiction over interlocutory appeals absent congressional authority, an explicit constitutional guarantee, or a compelling public policy rationale. Id. slip op. at 6, 10, 1993 WL 156793 at * 3, 5.
 
 
 9
 The district court's order is not a final judgment. Therefore, we hold that we do not have jurisdiction over this appeal, and the motion for stay must be denied.
 
 
 10
 APPEAL DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3