MEMORANDUM OPINION AND ORDER
PER CURIAM.
The appeal in this case is dismissed with prejudice as the Appellants have failed to submit any answer or response to the Appellee’s motion to dismiss because the appeal was not timely as a matter of law. In addition, Appellants failed to appear, despite sufficient notice, at the trial court summary judgment motion hearing that led to the adverse judgment in this matter.
Despite the dismissal of the appeal, the Court takes this opportunity to clarify its *85 interpretation of the Tribe’s final judgment rule. Appellee argues that the order directing sale of the collateral in this foreclosure proceeding is not final and therefore not subjeet to appeal. That argument relies on the fact that further proceedings, including the reporting of the proceeds of the sale and calculation of any deficiency, are required after the sale before entry of the ultimate final judgment. While it is literally true that further proceedings are required, this Court nevertheless rejects the Appellee’s claim that this appeal does not involve an appealable final judgment.
The federal courts, which also have a final judgment rule embodied in 28 U.S.C. § 1291, nevertheless treat as final any collateral order that would otherwise be nonappealable if immediate appeal were not permitted. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The federal courts therefore hold that any collateral order is final within the meaning of section 1291 and therefore immediately appeal-able. Generally, in order to fall within the federal collateral order rale permitting immediate appeal, a collateral order ‘“must conclusively determine the disputed question,’ ‘resolve an important question completely separate from the merits of the action,’ and ‘be effectively unreviewable on appeal from a final judgment.’ ” Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); see also, Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). While not directly applicable in the courts of the Cheyenne River Sioux Tribe, this Court holds that the federal notion of finality reflected in the collateral order rule effectively serves the interests of justice reflected in Rule 84(b) of the Cheyenne River Sioux Rules of Civil Procedure which are designed to afford “[a]ny party who is aggrieved” a right of appeal from a final order. The problem, of course, with collateral orders is that unless such orders are treated as final they can otherwise never be appealed after the last judgment entered in a case.
In this matter, the Court holds that an order of sale in a foreclosure action, such as the pending matter, constitutes an appealable collateral order, although we dismiss on other grounds. The order for sale of the secured collateral conclusively determines the right of the owner to continue possession of the secured property and therefore satisfies the first test of a collateral order. An order for the sale of secured collateral is also collateral and separable from the ultimate effort to collect the judgment, although it may implicate the ultimate outcome of that effort. Thus, it satisfies the second test for a collateral order. Finally, since the sale of the collateral cannot be simply undone through a successful appeal, the order is “effectively unreviewable on appeal from a final judgment.” This Court therefore holds that any order for sale of secured collateral for a loan constitutes an appeal-able final order of the Tribal Court within the meaning of the collateral order rule which it today embraces as a reasonable interpretation of Rule 84(b).
Ho hecetu yelo.
IT IS SO ORDERED.