11-1256-cv
Europa Maritime S.A. v. Manganese Trans Atlantic

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
>PETER W. HALL,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

_____

EUROPA MARITIME S.A.,

>>*Plaintiff-Appellee*,

>v.                                                             No. 11-1256-cv

MANGANESE TRANS ATLANTIC CORPORATION,

>>*Defendant-Appellant*,

SYSTEMAR CO. LTD.,
EMPIRE CHEMICAL, LLC,
PRIVAT INTERTRADING,

>>*Defendants*.

_____

FOR PLAINTIFF-APPELLEE:     Garth S. Wolfson, Mahoney & Keane, LLP, New York, New York.

FOR DEFENDANT-APPELLANT:     Richard J. Colosimo, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** for lack of appellate jurisdiction.

Under 28 U.S.C. § 1291, this court's jurisdiction over appeals from a district court is limited to "final decisions." Defendant-Appellant Manganese Trans Atlantic Corporation appeals from a district court order denying its motion to vacate a Rule B maritime attachment as moot, and denying its motion to dismiss this case for lack of personal jurisdiction. The order, without question, is not a "final order" for the purposes of appellate review, because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Wabtec Corp. v. Faiveley Trans. Malmo AB*, 525 F.3d 135, 137 (2d Cir. 2008) (quotation marks omitted).

The district court did not certify its order for interlocutory review under 28 U.S.C. § 1292(b). The order is not within the limited class of "[i]nterlocutory decrees . . . determining the rights and liabilities of the parties to admiralty cases" under 28 U.S.C. § 1292(a)(3). *See Astarte Shipping Co. v. Allied Steel & Exp. Serv.*, 767 F.2d 86, 88 (5th Cir. 1985) (per curiam). And this interlocutory appeal does not fall within the narrow "collateral order" doctrine, because the district court's order is not "effectively unreviewable on appeal from a final judgment." *See Will v. Hallock*, 546 U.S. 345, 349 (2006) (quotation marks omitted). Unlike, for example, claims of sovereign or governmental immunity, which are immediately appealable under the collateral order doctrine because immunity grants a "right not to stand trial," *In re World Trade Center*

2

*Disaster Site Litigation*, 521 F.3d 169, 179 (2d Cir. 2008) (quotation marks omitted), a claim that the district court lacks personal jurisdiction over the defendant is simply a claimed right on the part of the defendant not to be subject to the judgment of a particular forum.  Denial of that claim, therefore, cannot be immediately appealed.  *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 527 (1988) ("[T]he denial of a claim of lack of [personal] jurisdiction is not an immediately appealable collateral order."); *see also Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 501 (1989).

For the foregoing reasons, we DISMISS this appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3