Fetus CORNWELL, Plaintiff,

and

Brenda Cornwell, Plaintiff–Appellant,

v.

CITY OF RIVERSIDE, Defendant,

and

Carmen Andrade; Gary Crawford; Benjamin Reiser; Jackie Bell; Richard Bradley, Defendants–Appellees.

No. 88–6593.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 1990.*

Decided Feb. 15, 1990.

---

Stephen Yagman, Yagman & Yagman, Venice, Cal., for plaintiff-appellant.

John M. Porter, Roberts & Morgan, Riverside, Cal., Adams, Duque & Hazeltine, Richard R. Terzian, Margaret L. Oldendorf, Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS, FARRIS and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

This appeal from an order of the district court staying the collection of damages in a civil rights case presents a new question of law: Can a plaintiff successful in an action under 42 U.S.C. § 1983 and awarded punitive damages by the jury compel their payment to be made by the individual defendants rather than by the city that employed them? We agree with the district court that there is no federal prohibition against the city paying the punitive damages.

## FACTS

Brenda Cornwell brought a successful civil rights action against five police officers employed by the city of Riverside, California. In addition to general damages, the jury awarded punitive damages which, by remittitur, were reduced to a total of $45,000.

Under a California statute enacted in 1985 a public entity other than the state is authorized to pay punitive damages awarded against its employees if the public entity finds that the employees were acting within the course of their employment, in good faith and "in the apparent best interests of the public entity," and the payment would be "in the best interests of the public entity." Cal.Gov.Code § 825(b) (West Supp. 1986–1990). When the City of Riverside offered to pay the punitive damages assessed against the officers, Cornwell refused to accept them. The court then stayed execution of the judgment against the individual officers, the stay to be in effect until after a decision by this court on the appeal from the order.

## ANALYSIS

Cornwell has constructed an ingenious argument based largely on quotation from *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). That case held that a city was immune from punitive damages under the Civil Rights Act. In the course of reaching this conclusion the Court pointed out that the malice of the city's employees "should not be attributed to the taxpaying citizens of the community." *Id.* at 261, 101 S.Ct. at 2756. It further noted that under the ordinary principles of retribution, "it is the wrongdoer himself who is made to suffer for his unlawful conduct" and that an award of punitive damages against a municipality " 'punishes' only taxpayers, who took no part in the commission of the tort." *Id.* at 266–67, 101 S.Ct. at 2756. Developing these statements, Cornwell argues that there is a federal policy that forbids the payment of punitive damages by a municipality.

There is no doubt that the damages awardable under 42 U.S.C. § 1983 are a matter of federal law. California cannot set up a policy subversive of that law. But *City of Newport* does not establish a federal policy prohibiting a city from paying punitive damages when the city finds its employees to have acted without malice and when the city deems it in its own best interest to pay. That the city reaches a different result as to the good faith of the officers than a federal jury is not decisive: the city is not bound by the jury's findings when it makes its decision to indemnify.

An analogous case is whether public policy should prohibit insurance coverage of

punitive damages in civil rights actions brought against municipal officers. A number of courts have held that absent specific legislation such coverage does not violate public policy. 1 J. Ghiardi & J. Kircher, *Punitive Damages* § 7.12 (1985). We find no federal law prohibiting California cities from acting under the authority conferred by the California legislature. When Congress has wanted to prohibit payment of damages on behalf of one person by another it has known how to do so with express language. *See* Foreign Corrupt Practices Act, 15 U.S.C. § 78dd–2(g)(3) (corporation may not pay fine of its officers penalized under the act). Congress has enacted no such provision here.

What the Supreme Court has said in *City of Newport* is not addressed to the exercise of the authority conferred by the California legislature. It is well argued on behalf of Cornwell that a prohibition on indemnification would be in harmony with the Court's analysis of punitive damages. Such a result, however, is not compelled by what the Court has said. When the city decides that it is in its best interest to pay, the taxpayers have decided through their representatives that it is to their benefit as taxpayers to help out the officers. As Judge Fernandez pointed out in the trial court, there is still a substantial sting to punitive damages awarded against the individuals.

If § 1983 were construed to prohibit a municipality from paying punitive damages, there would be occasions when civil rights plaintiffs would go unsatisfied because the individual defendants lack the assets to pay. If § 1983 were construed to mean that the successful plaintiff had the option to accept or reject punitive damages that the municipality was paying on behalf of employees, the plaintiff would have an extraordinary weapon with which to negotiate with individual defendants. We do not believe we should add an additional remedy to those already provided the civil rights plaintiff.

AFFIRMED.