Johanna TREVINO, a Minor, By and Through her next friend, her Grandmother, Filadelphia CRUZ, Plaintiff–Appellee,

v.

Daryl GATES, Defendant,

and

Joel Wachs, Joy Picus, John Ferraro, Zev Yaroslavsky, Ruth Galanter, Ernani Bernardi, Marvin Braude, Hal Bernson, Michael Woo, Joan Flores, Defendants–Appellants.

No. 92–56069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 1, 1994.

Opinion Filed Feb. 28, 1994.

Opinion Withdrawn May 31, 1994.

Filed May 31, 1994.

Annette Keller, Asst. City Atty., Los Angeles, CA, for defendants-appellants.

Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiff-appellee.

Before: SNEED, THOMPSON and RYMER, Circuit Judges.

Opinion by Judge DAVID R. THOMPSON.

## ORDER

The opinion filed February 28, 1994, and published at 17 F.3d 1189 (9th Cir.1994), is withdrawn. That opinion is replaced by the opinion filed contemporaneously with this order.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

The plaintiff sued the Los Angeles Chief of Police and members of the Los Angeles City Council in their individual capacities under 42 U.S.C. § 1983. She alleged the council members violated her civil rights by encouraging the police to routinely use excessive force. This encouragement, she alleged, contributed to the death of her father.

The council members moved to dismiss the plaintiff's claims. They contended that in considering and voting on whether to authorize the city to pay punitive damage awards they acted in a legislative capacity pursuant to California Government Code § 825(b),[1] and they were entitled to absolute legislative immunity. The district court rejected their immunity claim and denied their motion to dismiss. *Trevino v. Gates,* 798 F.Supp. 621 (C.D.Cal.1992). They appeal.

We have jurisdiction, because the denial of a motion to dismiss based upon a claim of absolute immunity is an immediately appealable interlocutory order. *Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 499, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989); *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985); *Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir. 1992). We affirm. We hold that city council members who vote to pay a punitive damage award pursuant to California Government Code § 825(b) perform an administrative, not a legislative, act; therefore, they are not entitled to absolute immunity.

## FACTS

The plaintiff, Johanna Trevino, is 2½ years old. Her father was shot and killed by Los Angeles police officers who waited outside a McDonald's restaurant and watched as her father and three other men robbed the place. When the men left the restaurant and got into their getaway car, the police used their police vehicles to block the car's movement. Then the police opened fire. They fired approximately 20 shotgun rounds into the robbers' car. The plaintiff's father was not immediately killed, but he was near fatally wounded. One of the officers then shot him in the top of the head from a distance of two feet. In all, three of the robbers were killed, including the plaintiff's father. One of the robbers survived.[2]

In a lawsuit filed by the surviving robber, and the survivors of those who were killed, a jury awarded no compensatory damages, but awarded the plaintiffs punitive damages aggregating $44,000. These damages were imposed against the officers who participated in the killings.

After the judgment was entered, the council members voted to have the city pay the punitive damage award. The plaintiff then filed this lawsuit. She alleged the defendants encouraged and condoned the policy of constitutional violations that led to her father's death.

The council members did not challenge the merits of the plaintiff's complaint. They moved to dismiss the complaint solely on the

---

1. California Government Code § 825(b) provides in pertinent part:

    [A] public entity ... is authorized to pay that part of a judgment that is for punitive or exemplary damages if the governing body of that public entity, acting in its sole discretion, finds all of the following:

    (1) The judgment is based on act or omission of an employee or former employee acting within the course and scope of his or her employment. ...

    (2) ... [T]he employee ... acted ... in good faith, without actual malice, and in the apparent best interests of the public entity.

    (3) Payment of the claim or judgment would be in the best interests of the public entity.

2. A more detailed statement of the facts is set forth in *Gomez v. Gates,* 804 F.Supp. 69, 71 (C.D.Cal.1992). The facts recited above are taken from the statement of facts which the district court, in *Gomez,* stated the jury could have found in returning their verdict in favor of the plaintiffs.

ground that they were entitled to absolute legislative immunity.

## STANDARD OF REVIEW

■ We review a district court's determination regarding immunity de novo. *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1107 n. 6 (9th Cir.1987); *Gutierrez v. Municipal Court,* 838 F.2d 1031, 1046 (9th Cir.1988), *vacated as moot,* 490 U.S. 1016, 109 S.Ct. 1736, 104 L.Ed.2d 174 (1989); *Capoeman v. Reed,* 754 F.2d 1512, 1513 (9th Cir.1985).

## DISCUSSION

"The absolute immunity of legislators, in their legislative functions, ... now is well settled." *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d .396 (1982) (citations omitted). *See also Kuzinich v. County of Santa Clara,* 689 F.2d 1345, 1349 (9th Cir.1982). "Absolute immunity protects the legislative process by shielding lawmakers from civil liability based on their legislative role which necessarily involves the balancing of social needs and rights of different groups." *Gutierrez,* 838 F.2d at 1046. *See also Tenney v. Brandhove,* 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951). This absolute immunity extends to local legislators. *Kuzinich,* 689 F.2d at 1349.

■ However, while "members of local legislative bodies have complete immunity from suits based on their legislative acts," *id.,* "not all governmental acts by a local legislator, or even a local legislature, are necessarily legislative in nature." *Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 580 (9th Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985). Acts that are administrative or executive in nature receive less than absolute protection. *Bateson v. Geisse,* 857 F.2d 1300, 1304 (9th Cir.1988); *Cinevision,* 745 F.2d at 577. The burden of proof in establishing absolute immunity is on the individual asserting it. "[O]fficials seeking absolute immunity must show that such immunity is justified for the governmental function at issue." *Hafer v. Melo,* — U.S. —, —, 112 S.Ct. 358, 363, 116 L.Ed.2d 301 (1991) (citing *Burns v. Reed,*

500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)).

In making the determination whether an act is legislative in nature, some courts distinguish between whether the act involves the formulation of policy, or is the type of "ad hoc decisionmaking engaged in by an executive." *Cinevision,* 745 F.2d at 580. *See also Zamsky v. Hansell,* 933 F.2d 677, 679 (9th Cir.1991) (monitoring compliance with established laws or regulations and offering recommendations on how compliance could be achieved was executive, not legislative, function). Other courts differentiate between executive and legislative acts by examining the scope of the act in question: "[A]n act which applies generally to the community is a legislative one, while an act directed at one or a few individuals is an executive one." *Bateson,* 857 F.2d at 1304 (quoting *Cinevision,* 745 F.2d at 579). *See also Cutting v. Muzzey,* 724 F.2d 259, 261 (1st Cir.1984).

Applying these considerations, we conclude determinations made by city council members whether to pay punitive damage awards pursuant to section 825(b) are of limited application and are non-legislative in nature. These decisions are made on a case-by-case basis. Based on the record before us, we cannot say they involve the formulation of policy. Nor do they apply to the community at large. Rather, they are directed toward shielding individuals from specific damage awards. *See Bateson,* 857 F.2d at 1304 (city council members enjoy no absolute immunity for determinations on building permits, because building permits do not apply to the general community or involve the promulgation of legislative policy, but are directed at individuals); *Cinevision,* 745 F.2d at 580 (council members' votes to disapprove concerts provided for by contract are administrative in nature); *Kuzinich,* 689 F.2d at 1350 (an order to institute an action to abate a private business is executive, not legislative).

The council members argue their deliberations and decisions under section 825(b) are legislative in nature because the statute is a grant of authority by the state legislature to determine and act on the needs and interests of the community as a whole in connection

with civil judgments that implicate the constitutional rights of judgment creditors. *See Cornwell v. City of Riverside,* 896 F.2d 398, 400 (9th Cir.1990).

We reject this argument. It fails to address the nature of the specific decisions made by council members pursuant to section 825(b). Although council members must consider whether payment of a judgment "would be in the best interests of the public entity," Cal.Gov't Code § 825(b)(3), this does not mean decisions made pursuant to this section are general policy decrees.

Every decision by a local legislature can be described as one made in the best interests of the public. Moreover, as we stated in *Cinevision,* 745 F.2d at 580, "[a]lthough a local legislator may vote on an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity." *See also Hafer,* —— U.S. at ——, 112 S.Ct. at 363. The particularized, case-by-case findings required under section 825(b) compel us to conclude that decisions to pay punitive damages under that section are individually, not generally, directed, involve no broad policy considerations, and thus fall outside those types of legislative actions receiving the cloak of absolute immunity. We therefore affirm the district court's denial of the defendants' motion to dismiss on the ground of absolute immunity.

AFFIRMED.[3]

---

**3.** We do not address the question whether the council members may be entitled to qualified immunity. Nor do we consider whether the plaintiff's claims are sufficient to survive a motion to dismiss on some other ground, or whether her claims would survive a motion for summary judgment.