**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

EISHO SUZUKI,

Plaintiff-Appellee,

v.

COUNTY OF CONTRA COSTA;
SUZANNE PORTER,

Defendants-Appellants.

No.   19-16629

D.C. No. 3:18-cv-06963-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted July 13, 2020
San Francisco, California

Before:  SILER,[**] TALLMAN, and HUNSAKER, Circuit Judges.

Eisho Suzuki sued social worker Suzanne Porter and her former employer,

County of Contra Costa, (Defendants) for constitutional violations after he lost

joint custody of his children. Porter and the County filed a Rule 12(c) motion for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Eugene E. Siler, Senior United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judgment on the pleadings, arguing no constitutional violation occurred and Porter is entitled to qualified immunity. The district court denied the motion, and Defendants appealed. We reverse and remand for entry of judgment in Defendants' favor.

*Qualified Immunity.* We have jurisdiction over interlocutory appeals of collateral orders, such as the district court's denial of qualified immunity. *Cunningham v. Gates*, 229 F.3d 1271, 1283 (9th Cir. 2000). We review denial of qualified immunity de novo. *Trevino By & Through Cruz v. Gates*, 23 F.3d 1480, 1482 (9th Cir. 1994). And whereas this case was resolved on a Rule 12(c) motion, we accept the allegations in the pleadings as true. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017).

The crux of Suzuki's complaint is that Porter used fabricated evidence to cause his ex-wife to seek a restraining order, which was granted and restricted his constitutional right to access to his children. To prevail on his § 1983 claim, Suzuki must state facts plausibly alleging that Porter's fabricated evidence was both the cause in fact and the proximate cause of his injury. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). While Suzuki's allegations establish cause in fact, they do not establish proximate cause.

The proximate cause of any injury Suzuki suffered is the state judge's issuance of restraining orders restricting Suzuki's access to his children. *See*

*Bearchild v. Cobban*, 947 F.3d 1130, 1149–50 (9th Cir. 2020) (defining proximate cause in a § 1983 case as "acts . . . so closely related to the deprivation of the plaintiff's rights as to be the cause of the ultimate injury" (citation omitted)). The state judge's "exercise of independent judgment in the course of his official duties" is a presumptively superseding cause, which cuts off Porter's liability. *Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007). And Suzuki's allegations failed to rebut this presumption, as there is no indication that Porter pressured or caused the judge "to act contrary to his independent judgment." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026–28 (9th Cir. 2008) (citation omitted); *see Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1356–58 (9th Cir. 1981). Indeed, it is undisputed that, setting aside the asserted fabricated evidence, there were sufficient allegations presented to the state court to justify issuance of the restraining orders. Because Suzuki's allegations do not satisfy the required causation standard, he has not alleged a plausible constitutional violation and Porter is entitled to qualified immunity. *See Ioane v. Hodges*, 939 F.3d 945, 950 (9th Cir. 2018) ("If there is no constitutional violation, the inquiry ends and the officer is entitled to qualified immunity.").

*Monell Claim.* We have pendent party appellate jurisdiction over the *Monell* claim against the County because it is "inextricably intertwined" with the claim against Porter; resolution of the claim against Porter necessarily resolves "all the

3

remaining issues presented by the pendent appeal." *Huskey v. City of San Jose*, 204 F.3d 893, 904–06 (9th Cir. 2000) (citation omitted). We review the district court's dismissal of the *Monell* claim de novo, accepting the facts pled as true. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011).

Counties are liable under § 1983 for constitutional violations caused by employees hired pursuant to official policy. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410–12 (1997). Because we determine that Suzuki failed to allege Porter violated his constitutional rights, the claims against the County fail as a matter of law. *See Huskey*, 204 F.3d at 906.

We reverse the district court's order denying judgment on the pleadings and remand to the district court for entry of judgment in favor of Defendants.

The parties shall bear their own costs.

**REVERSED and REMANDED with instructions.**