Patrick STANLEY, et al., Plaintiffs,

v.

EXXON CORPORATION,
et al., Defendants.

Civ. A. No. 93–2727.

United States District Court,
E.D. Pennsylvania.

June 17, 1993.

tion have substantial ties, including shared knowledge of potential CERCLA liability.

Lawrence R. Scheetz, Richboro, PA, for plaintiffs.

John M. Phelan, Phillips & Phelan, Philadelphia, PA, for defendants.

## MEMORANDUM

ROBRENO, District Judge.

Before the Court is plaintiffs' motion to remand and one of the defendants' motion to dismiss. For the following reasons, the motion to remand will be denied and the motion to dismiss will be granted.

## I. BACKGROUND

Plaintiffs are various "lessee dealers" of Exxon gasoline. Plaintiffs claim that defendant Exxon Company ("Exxon") is breaching its contractual obligations to plaintiffs by refusing to allow plaintiffs to accept Exxon credit cards for the purchase of non-Exxon gasoline at plaintiffs' service stations.

Plaintiffs commenced their action in the Bucks County Court of Common Pleas on May 14, 1993. The named defendants in plaintiffs' state court complaint were Exxon and Herbert L. Shatzen, an Exxon employee. Plaintiffs' complaint is styled in twelve counts, each of which states a different legal theory in support of plaintiffs' basic breach of contract claim.

Shatzen, like plaintiffs, is a Pennsylvania citizen.[1] Exxon is a citizen of New Jersey and Texas. On May 24, 1993, Exxon removed this case to this Court, claiming the existence of diversity jurisdiction. In its removal petition, Exxon acknowledged that Shatzen and plaintiffs were citizens of the same state, thus ostensibly defeating complete diversity under 28 U.S.C. § 1332. Exxon asserted, however, that the claims against Shatzen are baseless and that plaintiffs joined Shatzen as a defendant for the sole and fraudulent purpose of defeating diversity jurisdiction. Exxon claims that diversity jurisdiction therefore exists.

Plaintiffs have moved to remand the case to state court. Exxon opposes remand of the case. Shatzen has moved to dismiss the claims against him.

## II. DISCUSSION

Removal from state court to federal court is appropriate when the federal court would have had original jurisdiction over plaintiff's action at the time of removal. 28 U.S.C. § 1441; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In this case, Exxon bases its right to remove on the existence of diverse citizenship under 28 U.S.C. § 1332. For jurisdiction to exist under § 1332 there must be "complete" diversity, i.e. all plaintiffs must be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). All parties acknowledge that while plaintiffs and Exxon are diverse, plaintiffs and Shatzen are not. A party fraudulently joined by a plaintiff, however, may not defeat removal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). In the removal context, the court's inquiry into the validi-

---

1. The complaint only states that each of the plaintiffs operates a service station located in Pennsylvania; it does not actually identify the citizenship of the individual plaintiffs. In fact, it is not entirely clear from the complaint that plaintiffs are suing in an individual, as to opposed to corporate, capacity. Plaintiffs' motion for remand, however, states that "[t]he Complaint identifies the twelve plaintiffs as Pennsylvania citizens." Motion for Remand, ¶ 4. While the complaint states no such thing, the Court will take plaintiffs at their word and accept as true the assertion that they are all Pennsylvania citizens.

ty of a claim against a non-diverse defendant is less probing than that undertaken in the context of a motion to dismiss. Regardless of whether such a claim will ultimately fail to state a cause of action, fraudulent joinder exists only if the claims against the non-diverse defendant are so devoid of merit as to be "wholly insubstantial and frivolous." *Batoff v. State Farm Insurance Company*, 977 F.2d 848, 852 (3d Cir.1992). To avoid remand, a removing defendant must do more than show that plaintiff has failed to state a claim against a non-diverse party; the removing defendant must go so far as to show that the claim meets the "insubstantial and frivolous" standard. *Id.*

■ The issue for decision on the instant motion, therefore, is whether plaintiffs' claim against Shatzen is "wholly insubstantial and frivolous." The Court concludes that plaintiffs' claim is, indeed, completely devoid of merit.

Shatzen is identified in the complaint as an "area manager" for Exxon. In all of plaintiffs' twenty-six page complaint, the only language which so much as refers to Shatzen is plaintiffs' terse assertion that Shatzen "actively worked to interfere with the petitioners' contractual right to sell non-Exxon gasoline." Complaint, ¶ 15. The remainder of the complaint addresses grounds in support of the breach of contract claim against Exxon.

■ First, plaintiffs are precluded from stating a valid claim against Shatzen for tortious interference, since, under Pennsylvania law, an employee of a corporation acting within the scope of his employment cannot tortiously interfere with the contracts of the corporation. *Michelson v. Exxon Research and Engr. Co.*, 808 F.2d 1005, 1008 (3d Cir. 1987). There is no indication that plaintiffs could base any claim against Shatzen on acts that were outside the scope of Shatzen's employment. To the contrary, the essence of plaintiffs' claim is that Shatzen and Exxon acted in complicity with each other by denying plaintiffs' alleged right to accept Exxon credit cards for non-Exxon purchases.

■ In support of their tortious interference claim, plaintiffs cite *Wicks v. Milzoco*

*Builders, Inc.*, 503 Pa. 614, 470 A.2d 86 (1983) and *Loeffler v. McShane*, 372 Pa.Super. 442, 539 A.2d 876 (1988). These cases involve the "participation theory" of liability, which states that "an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefore." 3A Fletcher, *Cyclopedia of the Law of Private Corporations* § 1137, at 207 (perm. ed. rev. 1975) (cited with approval in *Wicks* and *Loeffler*). The participation theory, however, has no application in this case. In the context of tortious interference, the wrong is, by definition, committed by the individual, not the corporation. There can be no participation by the individual in the tort of the corporation if the corporation cannot commit the tort. Further, the theory is a means of imposing personal liability against an individual for the individual's participation in tortious conduct; it is not a cause of action in and of itself. Accordingly, plaintiffs must still plead a valid cause of action against Shatzen in order to impose liability against him under the participation theory. As stated above, plaintiffs have failed to so plead, since an employee cannot interfere with the contracts of his employer.

Second, no cause of action against Shatzen can be inferred from plaintiffs' breach of contract claims against Exxon. Shatzen was not a party to the relevant contract between plaintiffs and Exxon, and only parties to a contract can be liable for its breach. *Electron Energy Corp. v. Short*, 408 Pa.Super. 563, 564, 597 A.2d 175, 177 (1991), *citing, Viso v. Werner*, 471 Pa. 42, 369 A.2d 1185 (1977).

Finally, the complaint contains absolutely *no* facts regarding Shatzen's involvement in the dispute at issue. *See* Fed.R.Civ.P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim."). While it is perhaps true that a complaint's failure to plead facts would usually merely beg the question of whether a claim was "wholly insubstantial," when this factor is coupled with those addressed above it leads the Court to conclude that plaintiffs have "no real intention in good faith to prosecute the action against the [non-diverse] defendants or seek a joint judgment." *Boyer*, 913 F.2d at 111.

## III. CONCLUSION

Plaintiffs claim against Shatzen is wholly insubstantial. Plaintiffs' act of joining Shatzen as a defendant in this action is therefore fraudulent for purposes of determining removal jurisdiction. The Court will, accordingly, deny plaintiffs' motion for remand and dismiss all claims against Shatzen.

An appropriate Order will be entered. A separate scheduling order, setting forth discovery and trial deadlines, will also be filed contemporaneously with this Order.

## ORDER

AND NOW, TO WIT, this 17th day of June, 1993, upon consideration of plaintiffs' motion to remand (Docket No. 3) and defendant Herbert L. Shatzen's motion to dismiss (Docket No. 6), IT IS ORDERED that the motion to remand is *DENIED* and the motion to dismiss is *GRANTED*.