**Karol R. STADLER and Richard E. Grossberg, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**A. Donald McCULLOCH, Jr., Reef C. Ivey II, Albert J. DiMarco and John E. Sylvester, Defendants.**

No. 93–CV–3093.

United States District Court,
E.D. Pennsylvania.

April 24, 1995.

Patricia D. Gugin, Alan M. Sandals, Sherrie R. Savett, Berger & Montague, P.C., Philadelphia, PA, Robert A. Rovner, Rovner, Allen, Rovner, Zimmerman & Kats, Feasterville, PA, Joshua P. Rubinsky, Brodie & Rubinsky, Philadelphia, PA, for plaintiffs.

Ellen Rosen Rogoff, Jonathan Bloom, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, PA, for defendant McCulloch.

Barry E. Ungar, Carol J. Sulcoski, Mann, Ungar & Spector, Philadelphia, PA, for defendant Ivey.

Anthony C.H. Vale, Pepper, Hamilton & Scheetz, Philadelphia, PA, for defendant DiMarco.

Thomas A. Masterson, Thomas P. Hogan, Jr., Joseph B.G. Fay, Morgan, Lewis & Bockius, Philadelphia, PA, for defendant Sylvester.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

### I. BACKGROUND

This Memorandum and Order addresses four outstanding motions in this dispute, all filed in the aftermath of this Court's Memorandum and Order of January 17, 1995. *See Killian v. McCulloch*, 873 F.Supp. 938 (E.D.Pa.1995). The defendants in this action, A. Donald McCulloch, Jr., Reef C. Ivey, II, Albert J. DiMarco and John Sylvester, are former officers of Nutri/System, Inc., a Pennsylvania company that was placed in involuntary bankruptcy in May of 1993. In March of 1989, Nutri/System's board of directors adopted the Partnership Profit Sharing Plan ("the PPSP"), pursuant to which the company was to provide a percentage of its profits to key employees. Due to its precarious financial state, however, Nutri/System failed to fulfill the PPSP's obligations.

This lawsuit ensued. On May 11, 1994, Plaintiffs Catherine Killian and Richard Grossberg, former Nutri/System employees, filed their second amended class action complaint. The plaintiffs subsequently submitted a motion seeking to have the action certified and maintained as a class action. The

defendants not only opposed the class certification motion, but also filed a motion seeking summary judgment as to all of the claims brought by Ms. Killian and three of the claims brought by Mr. Grossberg. In our January 17 ruling, we first held that the scope of Pennsylvania's Wage Payment and Collection Law, 43 Pa.Stat.Ann. §§ 260.1–260.12 ("WPCL"), extends only to those employees based in Pennsylvania. Accordingly, we awarded summary judgment to the defendants as to the claims brought under the WPCL by the named plaintiffs, both of whom were based out of state. *Id.* at 942. In addition, we held that the release executed by Ms. Killian precluded her from bringing any claims related to the PPSP. Thus, we granted summary judgment to the defendants as to all of the claims brought by Ms. Killian. *Id.* at 943–44. We then denied the plaintiffs' motion for class certification, reasoning that since neither named plaintiff could bring WPCL claims, and since all of Ms. Killian's claims were barred by her execution of the release, neither Ms. Killian nor Ms. Grossberg were suitable representatives of the putative class. *Id.* at 945. We did, however, allow the plaintiffs to amend their complaint and to submit a new motion for class certification. *Id.*

The plaintiffs filed their third amended class action complaint on February 15, 1995, which named Mr. Grossberg and Karol R. Stadler as plaintiffs. The third amended complaint contains eight counts, three of which have been brought against Mr. Sylvester. These claims, including breach of an implied covenant of good faith, fraudulent misrepresentation and negligent misrepresentation, each arise under state law. Indeed, the only federal claim contained in the third amended complaint, Count VI, has not been brought against Mr. Sylvester. In Count VI, the plaintiffs allege that the three other defendants failed to reimburse medical expenses to which the plaintiffs were entitled, in violation of ERISA.

On February 21, 1995, the plaintiffs filed an amended motion for class certification. Two days later, on February 23, Plaintiff Killian filed a motion for direction of final judgment pursuant to Fed.R.Civ.P. 54(b).

Meanwhile, on March 2, 1995, Defendant Sylvester filed a motion to dismiss the third amended complaint as it applies to him, pursuant to Rule 12(b)(1). Mr. Sylvester's motion includes a request for oral argument. Defendants McCulloch, Ivey and DiMarco submitted a response to Ms. Killian's Rule 54(b) motion and the amended motion for class certification on March 7, in which they acquiesce to the granting of the Rule 54(b) motion as long as this action is stayed pending the resolution of Ms. Killian's appeal of our January 17 ruling. Moreover, these defendants argue that the motion for class certification should be denied. Defendant Sylvester joins the response of the other defendants, but argues that the stay, if granted, should not delay the resolution of his Rule 12(b)(1) motion. The plaintiffs oppose the motion to stay. This memorandum will thus address: (1) Plaintiff Killian's Rule 54(b) motion, (2) Defendants' motion to stay, (3) the plaintiffs' motion for class certification, and (4) Defendant Sylvester's Rule 12(b)(1) motion.

## II. *DISCUSSION*

### A. *Rule 54(b) Motion*

Rule 54(b) allows the district court to enter a final ruling as to one of the parties in a multiple claim or multiple party action if there is no just reason for delay. The rule provides, in pertinent part, as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). The United States Supreme Court set forth the steps to guide a district court's Rule 54(b) analysis in *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Accordingly, when deciding whether to exercise its discretion under Rule 54(b), the "district court must first determine it is dealing with a 'final judgment.'" *Id.* at 7, 100 S.Ct.

at 1464. A final judgment is one that terminates the litigation on the merits, leaving nothing for the court to do but enter judgment. *eds Adjusters, Inc. v. Computer Sciences Corp.*, 149 F.R.D. 86, 89 (E.D.Pa.1993) (citing 28 U.S.C. § 1291). If the court determines that the judgment is final, it must then determine whether there is just cause for delay of the appeal. *Curtiss–Wright*, 446 U.S. at 7–8, 100 S.Ct. at 1464–65. In making this determination, the court is to consider both the interest in judicial economy and the equities involved. Thus, the court should examine factors such as whether the claims to be appealed are separable from the remaining claims and whether the appellate court would likely revisit an issue if there were subsequent appeals. *Id.* at 8, 100 S.Ct. at 1464–65.

■ Turning to the matter at hand, it appears that Rule 54(b) certification is warranted. First, the parties agree that our January 17 Order terminated Ms. Killian's claims and was therefore a final judgment as to her. Further, the parties acknowledge that the issues presented by Ms. Killian's appeal, including whether the protections contained in the WPCL extend to those workers based outside of Pennsylvania and whether the release signed by Ms. Killian precludes her from asserting claims based upon the PPSP, are separable from the remaining issues in the case. Thus, the appellate court is unlikely to revisit these issues in a subsequent appeal because resolution of the former issue would likely govern all potential plaintiffs and members of the putative class, while the latter issue concerns only Ms. Killian. Finally, we conclude that the equities favor granting Ms. Killian's Rule 54(b) motion. Were we to deny her motion, the final resolution of her claims would be delayed needlessly. Accordingly, we will grant Ms. Killian's Rule 54(b) motion.

### B. *Motion to Stay*

■ The district court possesses the inherent power to stay any proceeding in order to promote its fair and efficient adjudication. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir.1994) (citing *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.

1983)). Since the stay is an "extraordinary measure," the onus is on the movant to offer some "compelling reasons" demonstrating that a stay is warranted. *Id.; Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F.Supp. 1057, 1062 (D.Del.1990). Courts must consider the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation. *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936).

■ Upon review of these considerations and the arguments presented by the parties, we conclude that the instant proceeding warrants a stay. As we noted in our January 17 Memorandum and Order, the potential class of plaintiffs contains over two hundred members. The effect of our decision was to limit the class members to those who were based in Pennsylvania and did not freely release their claims. Thus, any appellate ruling reversing our decision would dramatically impact the size of the class and the scope of the litigation. If the action were to progress, the Third Circuit's ruling might cause the parties to retrace a number of their steps, and could render meaningless much of the work completed in the interim. Further, the uncertainty created by Ms. Killian's appeal makes it impossible to assess with any accuracy the extent to which the defendants may be liable, thus hampering settlement efforts.

The plaintiffs object to the motion to stay. Specifically, the plaintiffs argue that we should not delay in addressing the merits of their motion for class certification. The plaintiffs urge the Court to certify the class now and entertain requests to decertify, narrow, or expand the class later, as the circumstances dictate. While we recognize that this action was commenced almost two years ago and are anxious to achieve its resolution, we simply do not see the point in addressing the merits of the class certification motion now only to revisit the issue after the Third Circuit issues its decision with respect to Ms. Killian's appeal. Nor can we identify any prejudice that will befall the plaintiffs as a result of our decision to stay the matter. We think it more sensible to await the Third Circuit's decision and proceed accordingly, rather than charging forward, possibly to

trial, knowing that we may be compelled to return to this point and begin anew. Accordingly, we will grant the defendants' motion to stay the proceedings pending the outcome of Ms. Killian's appeal. Further, we will deny the plaintiffs' motion for class certification without prejudice, opting instead to entertain, at a later date, a class certification motion that reflects the Third Circuit's resolution of Ms. Killian's appeal.

### C. *Defendant Sylvester's Motion to Dismiss*

■ As we noted above, Defendant Sylvester has submitted a motion to dismiss the third amended complaint pursuant to Rule 12(b)(1). Mr. Sylvester bases his Rule 12(b)(1) motion upon his contention that the Court lacks supplemental jurisdiction over the claims asserted against him. Prior to our January 17 ruling, the Court exercised subject matter jurisdiction over the claims asserted against Mr. Sylvester by virtue of its diversity jurisdiction, since Ms. Killian, Mr. Grossberg and the defendants are all of diverse citizenship. *See* 28 U.S.C. § 1332. Ms. Stadler, however, is a Pennsylvania resident, as are Defendants McCulloch and DiMarco. Thus, the Court cannot exercise diversity jurisdiction over the claims set forth in the third amended complaint. *See Stanley v. Exxon Corp.*, 824 F.Supp. 52, 53 (E.D.Pa. 1993) (for court to exercise diversity jurisdiction, there must be "complete diversity;" that is, all plaintiffs must be of citizenship different than all defendants).

Since the issue of diversity jurisdiction appears to hinge on Ms. Killian's viability in this case, therefore, we are inclined to defer consideration of Mr. Sylvester's motion to dismiss until the appeal is resolved. Should Ms. Killian prevail before the Third Circuit, the court would have subject matter jurisdiction over the claims asserted against Mr. Sylvester by virtue of its diversity jurisdiction; and Mr. Sylvester's 12(b)(1) motion would be rendered moot. To consider the motion at this juncture and conclude that we could not exercise supplemental jurisdiction over the claims relating to the PPSP would indeed be a meaningless exercise if Ms. Killian were reinstated as a plaintiff. Thus, we conclude that interests in judicial economy favor the inclusion of the 12(b)(1) motion within the bounds of the stay order.

Mr. Sylvester, however, urges us to address his motion now. Indeed, Mr. Sylvester contends that the Federal Rules of Civil Procedure compel us to consider his motion irrespective of any stay order. In support of this argument, Mr. Sylvester points to Rule 12(h)(3) and cases that have addressed it. The rule provides as follows: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Generally, this language has been interpreted to require courts to dismiss an action "if it becomes apparent at any time that [subject matter] jurisdiction is lacking." *Lake v. First Nationwide Bank*, 156 F.R.D. 615, 621 (E.D.Pa. 1994); *see TM Marketing, Inc. v. Art & Antiques Assocs.*, 803 F.Supp. 994, 997 (D.N.J.1992) ("When it becomes apparent that subject matter jurisdiction is lacking, the court·must dismiss the action regardless of the stage of the litigation.").

However, in *In re School Asbestos Litigation*, 921 F.2d 1310 (3d Cir.1990), *cert. denied*, 499 U.S. 976, 111 S.Ct. 1623, 113 L.Ed.2d 720 (1991), our Court of Appeals recognized that in light of Rule 12(d), Rule 12(h)(3) does not compel the *immediate* consideration of a Rule 12(b)(1) motion. *Id.* at 1315. Rule 12(d) provides, in relevant part, that a Rule 12(b)(1) motion "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until trial." Thus, Rule 12(d) empowers the court to postpone a decision on a 12(b)(1) motion. In ruling that the district court could defer, until trial, consideration of the issue of whether class members could each satisfy the jurisdictional amount in the diversity context, the Third Circuit held that while "Rule 12(h)(3) invests the district court with the *power* to dismiss the action ... Rule 12(d) discloses *when* this power may be exercised." *Asbestos Litigation*, 921 F.2d at 1310.

We draw the same conclusion with respect to the case at hand. While we are compelled

 

to address a 12(b)(1) motion if it appears that jurisdiction is lacking, Rule 12(d) requires only that we consider it "before trial" and explicitly empowers us to postpone consideration until trial. Rule 12(d). Thus, we are acting within our discretion when we elect to postpone consideration of the 12(b)(1) motion until the stay is lifted. Further, as we noted above, we believe that by declining to address the issue now, we reduce the chance of expending judicial resources resolving an issue that may be rendered academic. The Federal Rules require us to consider the issue of jurisdiction before proceeding to the merits. *Trent Realty Assocs. v. First Federal Sav. & Loan Assoc.*, 657 F.2d 29, 36 (3d Cir.1981); *Carlsberg Resources Corp. v. Cambria Sav. & Loan Assoc.*, 554 F.2d 1254, 1256 (3d Cir.1977). Our action today respects that requirement. Accordingly, we will deny Mr. Sylvester's Rule 12(b)(1) motion without prejudice and allow him to raise the issue again once the stay is lifted, if he should so choose.

## III. *CONCLUSION*

For the reasons stated above, the Court will grant Plaintiff Catherine Killian's Motion for Direction of Final Judgment filed pursuant to Fed.R.Civ.P. 54(b) as well as Defendants' Motion to Stay the Proceedings. Moreover, the Court will deny without prejudice both Plaintiffs' Motion for Class Certification and Defendant John Sylvester's Rule 12(b)(1) Motion to Dismiss.

An appropriate order follows.

### *ORDER*

AND NOW, this 24th day of April, 1995,

1. Upon consideration of Plaintiff Catherine Killian's Motion for Direction of Final Judgment filed pursuant to Fed.R.Civ.P. 54(b), and the response thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that said Motion is GRANTED. Judgment is hereby entered in favor of Defendants as to all claims brought by Plaintiff Killian.

2. Upon consideration of Defendants' Motion to Stay the Proceedings, and the response thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that said Motion is GRANTED. The above-captioned action is hereby STAYED pending the resolution of Plaintiff Killian's appeal of this Court's Memorandum and Order of January 17, 1995 to the Third Circuit Court of Appeals.

3. Upon consideration of Plaintiffs' Motion for Class Certification, and the response thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that said Motion is DENIED without PREJUDICE.

4. Upon consideration of Defendant John Sylvester's Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b)(1), and the response thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that said Motion is DENIED without PREJUDICE.